IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV109-MU

| | |
|---|---|
| MARTHA RAMSAY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DEMAYO ADVERTISING & PROMOTIONS, )<br>INC., LAW OFFICES OF MICHAEL A. )<br>DEMAYO, LLP, THE LAW OFFICIES OF )<br>MICHAEL A. DEMAYO, P.C. and MICHAEL A. )<br>DEMAYO, individually and in his official capacity )<br>as owner and/or President of DEMAYO )<br>ADVERTISING & PROMOTIONS, INC., )<br>)<br>Defendants. )<br>_____) | ORDER |

  This matter is before the court upon Defendant Michael Demayo's Motion to Dismiss the Plaintiff's claims against him.

  Plaintiff, a former employee of one or more of the entity Defendants, filed a Complaint alleging violations of Title VII, and state law claims of negligent supervision, wrongful discharge in violation of North Carolina public policy, and quantum meruit. Plaintiff alleges she was discriminated against and retaliated against because of her sex and pregnancy. Defendant Michael DeMayo is an employee of DeMayo Advertising & Promotions, Inc. and the Law Offices of Michael A. DeMayo, LLP and is described in Plaintiff's Complaint as the owner and/or President of DeMayo Advertising & Promotions, Inc. and her "male supervisor." (Complaint ¶¶ 5, 31) Defendant Michael DeMayo seeks to dismiss the Complaint against him pursuant to Rule 12(b)(6), as he was not the Plaintiff's employer.

  With regard to Plaintiff's Title VII claims, it is clear that only employers, not supervisory

employees, can be held liable for violations of Title VII.  See Lissau v. Southern Food Service, Inc., 159 F.3d 177 (4th Cir. 1998).  Thus, Plaintiff's Title VII claims against Michael DeMayo must be dismissed.

Plaintiff's state claims against individual Defendant Michael DeMayo must likewise be dismissed for failure to state a claim upon which relief can be granted.  Plaintiff's wrongful termination fails against Michael DeMayo because this court has previously held that North Carolina does not recognize a claim against a supervisor in an individual capacity for wrongful discharge in violation of pubic policy.  See Cox v. Indian Head Industries, Inc., 187 F.R.D. 531, 536 (W.D.N.C. 1999).  In her claim for negligent supervision, Plaintiff asserts that all of the Defendants are liable for tolerating, condoning, and/or ratifying the tortious actions of her male supervisor Mr. DeMayo. (Complaint ¶¶ 31-32) As it would be impossible for Defendant Michael DeMayo to negligently supervise himself, this claim must likewise fail as a matter of law. Plaintiff's quantum meruit claim requires a showing that (1) services were rendered to the defendant; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously.  Scott v. United Carolina Bank, 130 N.C.App. 426, 429, 503 S.E.2d 149, 152 (N.C. Ct. App. 1998).  Plaintiff herein provided legal services to her employer DeMayo Advertising and Promotions, Inc. and the Law Offices of Michael A. DeMayo, LLP, but did not provide any services to Michael DeMayo individually.  Therefore, she cannot assert a quantum meruit claim against him.

Plaintiff consents to the dismissal of her claims against Mr. DeMayo in his "individual capacity," but argues that the claims should remain against him in his "official" capacity. However, no such legal distinction exists for private employers.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Plaintiff fails to cite any authority where it was deemed proper to include

an individual in his "official" capacity as a defendant in an employment-related lawsuit against a private, non-governmental entity.

IT IS THEREFORE ORDERED that Defendant Michael Mayo's Motion to Dismiss is hereby GRANTED, and all claims against Mr. DeMayo are hereby dismissed with prejudice.

**Signed: May 17, 2005**

Graham C. Mullen
Chief United States District Judge