IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:05 CV 109-K

| | |
|---|---|
| MARTHA RAMSAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEMAYO ADVERTISING & PROMOTIONS, | ) |
| INC., LAW OFFICES OF MICHAEL A. | ) |
| DEMAYO, LLP, and THE LAW OFFICES OF | ) |
| MICHAEL A. DEMAYO, P.C., | ) |
| | )) |
| Defendants. | )) |

## CONSENT PROTECTIVE ORDER

This matter came before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the entry of an Consent Protective Order governing the disclosure and use of certain proprietary and/or confidential documents and information (together referred to as "Confidential Information") in this case. Plaintiff Martha Ramsay ("Ramsay") and Defendants DeMayo Advertising & Promotions, Inc., The Law Offices of Michael A. DeMayo, LLP, and The Law Offices of Michael A. DeMayo, P.C. ("Defendants") have agreed to produce such Confidential Information on the condition that such information will be used and disclosed only as provided herein.

It appearing to the Court that entry of this Consent Protective Order is appropriate, it is therefore ORDERED that:

1. This Consent Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. This Consent Protective Order shall govern all materials deemed by Ramsay or Defendants to be "Confidential Information." Such Confidential Information shall include, but is not limited to, the following:

   (a) Any and all documents referring or relating to current or former employees of Defendants, other than Ramsay;

   (b) Any and all documents related to Ramsay's federal and state income tax returns;

   (c) Any and all information regarding Defendants' finances or financial condition;

   (d) Any and all documents or information regarding Defendants' business, clients, or operating policies and procedures;

   (e) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits; and

   (f) Any other documents which a party in good faith designates as "confidential" pursuant to paragraph 5 of this Protective Order.

3. Defendants or Ramsay may, at any time prior to disclosure, deem further materials produced in response to written discovery requests as Confidential Information.

4. All information produced or transcribed in this action, including, but not limited to, deposition testimony, interrogatory answers, tangible items, documents, copies thereof, and any extracts, abstracts, charts, summaries or notes made therefrom, may, at the instance of the parties, be deemed Confidential Information and subject to the restrictions set forth herein.

5. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated: **"CONFIDENTIAL."** Both Defendants and Ramsay will use their best efforts to limit the number of documents designated Confidential.

6. Confidential Information shall be held in confidence by each qualified recipient to

whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient (as defined below). All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

7. Qualified recipients shall include only the following:

    (a) The lawyers for each party and the secretarial, clerical and paralegal staff of each;

    (b) Deposition court reporters and staff;

    (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

    (d) Jurors, the court and court staff;

    (e) Deponents during the course of their depositions or potential witnesses of this case; and

    (f) The parties to this litigation, their officers and other employees with a need-to-know.

8. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of this Protective Order. Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents or witnesses may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the other party's assertion that certain information should be designated as Confidential Information, the objecting party's counsel shall inform opposing

counsel in writing of its position that the information should not be so designated, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such designation. The information shall continue to have Confidential Information status during the pendency of any such motion.

9. No copies of Confidential Information shall be made except by or on behalf of attorneys of record or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Protective Order. Any copies or other form of reproduction of Confidential Information, or excerpts from Confidential Information, are also subject to this Protective Order.

10. All information produced in this action, whether deemed Confidential Information or not, shall be used only for purposes of this litigation and not for any other purpose.

11. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

12. Within thirty (30) days after termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), any documents submitted to the court shall be returned to the parties and the Confidential Information will be kept under seal in the office of each party's counsel.

13. By agreeing to the entry of this Consent Protective Order, the parties hereto adopt no position as to the relevance or admissibility of documents produced subject to this Protective

Order. In addition, this Consent Protective Order does not prohibit the producing party from objecting to the production of Confidential Information on other grounds.

14. Nothing in this Consent Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

15. Should Confidential Information become the subject matter of a pleading, motion or other court filing, either party may seek leave, upon further order of the Court and for good cause shown, to file such Confidential Information under seal.

16. Ultimate disposition of protected materials is subject to final order of the court under completion of litigation.

Agreed to:

s/ Tamara W. Brooks
Tamara W. Brooks
5120 Monroe Road
Charlotte, North Carolina 28211
(704) 567-5297
Email: lawbrooks@bellsouth.net

Attorney for Plaintiff

s/ L. Stanford Sherrill, Jr.
L. Stanford Sherrill, Jr.
LITTLER MENDELSON, P.C.
100 North Tryon Street, Suite 4150
Charlotte, North Carolina 28202
(704) 972-7000
Email: ssherrill@littler.com

Attorneys for Defendants

Firmwide:80624767.1 048110.1004

So ordered: *Graham C. Mullen*